UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORPORAL ISAAC D. LEVINE, | |
| Plaintiff, | CIVIL ACTION NO. 1:15-CV-02334 |
| v. | (SAPORITO, M.J.) |
| WASHINGTON NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

## ORDER

AND NOW, this 16th day of March, 2018, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The defendant's motion for partial summary judgment (Doc. 43) is **GRANTED in part and DENIED in part**, as follows:

    a. The motion is **GRANTED in part** with respect to **Count I** of the complaint, and we **FIND** that, as a matter of law, the Policy affords short-term disability benefit payments of $2,000 *per month* for a maximum period of twelve months after a Covered Accident; therefore, in the context of the undisputed material facts of this case, the plaintiff may recover no more than a maximum of $23,000 in total disability benefits;

b. The motion is **GRANTED in part** with respect to **Count II** of the complaint, and we **FIND** that, as a matter of law, the plaintiff's statutory bad faith claim is barred by the applicable statute of limitations; and

c. The motion is **DENIED in part** with respect to the remaining grounds for summary judgment on **Count I** advanced by the defendant;

2. The Clerk is directed to enter **JUDGMENT in part** in favor of the defendant with respect to **Count I** of the complaint inasmuch as we **FIND** that, as a matter of law, the Policy affords short-term disability benefit payments of $2,000 *per month* for a maximum period of twelve months after a Covered Accident, and therefore, in the context of the undisputed material facts of this case, the plaintiff may recover no more than a maximum of $23,000 in total disability benefits;

3. The Clerk is directed to enter **JUDGMENT** in favor of the defendant with respect to **Count II** of the complaint in its entirety on the ground that the plaintiff's statutory bad faith claim is barred by the applicable statute of limitations;

4. The remainder of the plaintiff's breach of contract claims

under **Count I** of the complaint shall be set down for trial; and

    5.    The defendant's non-*Daubert* motion *in limine* to exclude the expert testimony of Christopher J. Knight (Doc. 52) is **DENIED as moot**.

*s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.